ALEXANDER SURRENCY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

CRIMINAL LAW—CONTINUANCE—EXCEPTING TO REMARKS OF JUDGE— CHARGE ON SELF DEFENSE.

1. The denial of an application for continuance made on the ground of the absence of witnesses, will not be adjudged to be

error, where it is shown that the absent witnesses are non-residents of the State and that the defendant making the application has had abundant time and opportunity for procuring their evidence on commission under the statute, and particularly where the evidence of such absent witnesses would have been merely cumulative to the evidence of several other witnesses who testified at the trial.

2. Remarks of the judge at the trial complained of as error must be duly excepted to at the time when uttered in order to receive consideration by an appellate court.

3. In the following charge: "Where a man threatens the life of another, or threatens to do him great personal injury, and acts in such a manner as to induce in the mind of his opponent, as a reasonable, prudent, cautious and brave man that he is about to put his threats into execution he may defend himself even to the extent of taking life," the use of the word *"brave"* is disapproved.

This case was decided by Division A.

Writ of error to the Circuit Court for DeSoto county.

The facts in the case are stated in the opinion of the court.

*Wilson & Boswell* for plaintiff in error.

*W. H. Ellis,* Attorney-General, for the State.

TAYLOR, C. J.—The plaintiff in error, Alexander Surrency, hereinafter referred to as the defendant, was indicted in the Circuit Court of DeSoto county for murder in the first degree, and, at the fall term, 1903, of said court, was tried and convicted of murder in the second degree, and to the judgment and sentence imposed sued out writ of error from this court.

The first assignment of error complains of the denial by the court of the defendant's application for a continuance of the cause on the ground of the absence of two witnesses who were shown to be residents of another State. The de-

fendant in his affidavit for continuance shows that he knew of these witnesses and the alleged facts that he expected to prove by them for several months prior to the trial and that he gave their names to an attorney whom he had employed to defend him, but seeks to shield himself from the charge of laches in the procurance of their testimony by showing that his attorney had been indicted and disbarred from practicing law, and had failed and neglected to have their depositions taken under the statute in such cases. As a general rule a client can not take advantage of the laches of his counsel; but besides this it was shown that the facts expected to be proven by the absent witnesses amounted simply to threats made by the deceased in their presence against the life of the defendant, and at the trial the defendant proved numerous threats by the deceased against his life by several witnesses, and if the absent witnesses had been present at the trial their evidence would simply have been cumulative on that point. Under these circumstances we do not think the trial court so abused the broad discretion that he has over the matter of continuances as that we can adjudge his refusal of the one applied for here to have been error.

The second assignment of error complains of some remarks made by the judge during the cross-examination of a State witness that tended to belittle the effectiveness of certain facts drawn from the witness that tended to impeach his credibility. While we are of the opinion that the remarks complained of should not have been made by the judge, yet it can not avail the defendant here, for the reason that no exception was taken thereto and noted at the time of the making of such remarks.

The third and last assignment of error challenges the correctness of the following portion of a charge given by the court to the jury: "Where a man threatens the life of another, or threatens to do him great personal injury, and acts in such a manner as to induce in the mind of his opponent, as a reasonable, prudent, cautious and brave man that he is about to put his threats into execution he may defend

himself even to the extent of taking life." We think that perhaps the court was wrong in using the word *"brave"* in this charge, but we feel satisfied that no injury resulted to the defendant therefrom, since the record shows that subsequently, at the especial request of the defendant, the court gave to the jury several other correct charges upon the same point that were entirely proper, and that corrected the mistake made in the above charge. *State v. Shreeves,* 81 Iowa, 615.

The evidence abundantly sustains the verdict found, and finding no reversible error the judgment of the Circuit Court in the cause is hereby affirmed at the cost of the county of DeSoto, it being shown by the record that the defendant is insolvent and unable to pay such costs.

HOCKER and COCKRELL, JJ., concur.

CARTER, SHACKLEFORD and WHITFIELD, JJ., Concur in the opinion.